# THE QUINCY COAL COMPANY

## v.

# JAMES HOOD, Admr.

1. ARREST OF JUDGMENT—*waiver of right to.* Where a defendant demurs to a declaration, and, after his demurrer is overruled, pleads over, he will be precluded from insisting upon a motion in arrest of judgment for insufficiency of the declaration.

2. PLEADING AND EVIDENCE—*plaintiff limited by his declaration as to elements of damages.* In an action to recover damages for the death of a party, occasioned by negligence, the declaration limited the next of kin of the deceased to his father, and, on the trial, the court admitted proof that the deceased left a father, mother, and five brothers and sisters, against the objection of the defendant: *Held*, that the court erred in allowing the evidence, as it was variant from the declaration.

3. DEATH—*necessary ingredients to cause of action for wrongfully causing the death of a person.* Under the statute giving an action for wrongfully causing the death of a human being, the following ingredients must concur: a wrongful act, neglect or default of the defendant, causing the death of the intestate under such circumstances as would entitle him to maintain an action if death had not ensued, and he must have left a widow or next of kin. These are indispensable prerequisites to a cause of action, and being shown, they entitle the plaintiff bringing the action as required, to nominal damages at least.

4. SAME—*fact of next of kin must be alleged in the declaration.* The fact of the survivorship of a widow or next of kin being an essential element in the cause of action, renders it indispensable that it should be alleged in the plaintiff's declaration, and, under the general issue, he is bound to prove it.

5. SAME—*damages dependent upon pecuniary injury.* If the next of kin are collateral kindred of the deceased, and have not been receiving from him pecuniary assistance, and are not in a situation to require it, it is immaterial how near the relationship may be, only nominal damages can be given, because there will be no pecuniary injury; but if they were dependent upon the deceased for support, in whole or in part, it is immaterial how remote the relationship may be, there will be pecuniary loss, for which compensation, under the statute, must be given.

6. SAME—*proof admissible in reduction of damages.* In the case of collateral kindred, it will be admissible for the defendant to controvert the fact of dependency upon the deceased for support; and in the case of a father, as the next of kin, to show that he was not entitled to the services of his minor child, in reduction of the damages.

7. NEGLIGENCE—*notice to agent of unsafe condition of mine is notice to principal.* Where a servant of a mining company was killed by the falling of a rock from the roof of a common gang-way in a coal mine, and it was sought to charge the company with negligence in not keeping the roof in a safe condition, it was *held*, that notice to the superintendent of the dangerous situation of the roof, was notice to the company; and if this was long enough before the accident to have given time to repair, the same was sufficient to fix negligence upon the company.

8. PLEADING—*object of.* The primary object of pleading is, to apprise the opposite party of the nature of the plaintiff's claim or the defendant's defense, or, in other words, to apprise the opposite party of what he will be called upon to meet upon the trial.

9. PLEADING AND EVIDENCE. It is an elementary rule of pleading, that every fact essential to a cause of action is issuable, and must be proved upon the trial, unless admitted by the defendant, substantially as alleged.

APPEAL from the Circuit Court of McDonough county; the Hon. CHAUNCEY L. HIGBEE, Judge, presiding.

Mr. C. F. WHEAT, and Mr. D. G. TUNNICLIFF, for the appellant.

Mr. WM. H. NEECE, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

John Allen Hood, being a minor, of the age of fourteen years, was killed by the falling of a rock from the roof of a common gang-way at the foot of the shaft of appellant's coal mine, and while in the employment of the latter in shoving cars in the mine. Appellee, his father, taking out letters of administration, brought this action under the act of 1853, to recover damages, upon the ground of negligence in the employer in not supplying a safe support for the roof of said gang-way.

The declaration contains two counts, in each of which the age of deceased was stated, and the only allegation in respect to deceased leaving widow or next of kin, in either count. is, that he left plaintiff, his father, to whom the damages recovered can be distributed.

There was a demurrer to the declaration, which was over-ruled, and plea of not guilty filed.

. On the trial, it appeared that deceased left .a mother, as well as father, and five brothers and sisters, and, upon request of plaintiff's counsel, the court instructed the jury that. if they found defendant guilty, then they should assess the plaintiff's damages at the amount of the pecuniary loss sustained, if any, by the next of kin to deceased, "that is to say, his father, mother, and brothers and sisters."

The jury, finding the defendant guilty, assessed the damages at $1142.

A motion for new trial and in arrest of judgment was made and overruled. Judgment passed upon the verdict, from which the defendant appealed, and numerous points are urged for reversal.

We do not understand appellant's counsel as insisting here that the motion in arrest of judgment should have been allowed for insufficiency of the declaration. They are precluded from assigning error for the denial of that motion, because they demurred to the declaration and pleaded over after decision overruling the demurrer. *Am. Express Co.* v. *Pinckney*, 29 Ill. 392. The question which they raise is not affected by the ruling in that case. It is, that the plaintiff, having specified himself in the declaration as the only next of kin left by deceased, and alleged that the.latter was a minor, and he his father, it was incompetent, and calculated to take the defendant by surprise, to enlarge the scope of damages on the trial by proving, and the jury taking into consideration, other next of kin, whose right to damage must be based upon another and different ground·from that of the father..

The declaration limited the next of kin to the father. ·The plaintiff introduced proof, against defendant's objections, of others, viz: a mother and five brothers and sisters.

The court expressly instructed the jury that, if they found defendant guilty, they should take into consideration, in

assessing damages, the pecuniary loss of the mother, brothers and sisters.

The precise question is, whether, under the rules of pleading and evidence, it was competent, where the plaintiff had specified only one next of kin—the father—to prove that there were others, and superadd their pecuniary loss to that of the father.

The statute declares that the amount recovered shall be for the *exclusive* benefit of the widow and next of kin of the deceased. Whatever might have been the claims of natural justice, the common law recognized no pecuniary interest in the life of any member of a family. But the theory of the statute is, that the widow, if there be one, and next of kin, or the latter only, if the deceased had no wife, have a pecuniary interest in the life of the person killed. The right is not extended to creditors, or anybody else not belonging to the class designated. If no one be left of such class, then there is no interest to be affected. The value of that interest is the amount which a jury may ascertain to be the damages sustained by some of that class in consequence of the destruction of that life in which they had such pecuniary interest, and the statute declares what shall be the measure of such damages, which is such sum as the jury shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person, not exceeding $5000.

When all the provisions of the act are regarded, it is apparent that, by its force alone, a legal pecuniary interest is created in favor of certain members of a family in the life of another upon whom the former may be dependent for support, or to whose services one of the former may be entitled; and that interest is invested with all the essential attributes of property, subject to the laws for the distribution of personal estate. In this last particular, alone, consists a similarity between this action and an ordinary action by an administrator. While the action itself is purely statutory, there is

nothing in the act giving it which expressly or impliedly affects any of the established rules of pleading and evidence.

All of the ingredients which must necessarily concur to give a cause of action, are, wrongful act, neglect or default of the defendant, causing the death of the intestate under such circumstances as would entitle him to maintain an action if death had not ensued, and he must have left a widow or next of kin. These are indispensable prerequisites to a cause of action, and being shown, they entitle the plaintiff bringing the action as required, to nominal damages at least. But the fact of the survivorship of a widow or next of kin, being an essential element of the cause of action, renders it indispensable that it should be alleged in the declaration, and it was so decided in *Chicago and Rock Isl. R. R. Co.* v. *Morris*, 26 Ill. 400.

It is an elementary rule of pleading, that every fact essential to a cause of action is issuable. It is equally a fundamental rule of our system of practice, that, whatever it is indispensable to allege in order to entitle a party to recover, must be proved upon the trial, unless admitted by the defendant, and it must be proved substantially as alleged.

It will not be denied that the primary object of pleading is, to apprise the opposite party of the nature of the plaintiff's claim, or the defendant's defense, or, in other words, to apprise the opposite party of what he will be called upon to meet upon the trial, and the policy of the general rules of pleading is the promotion of that object.

If the fact of survivorship of a widow or next of kin be an essential element of the cause of action, necessary to be alleged and proved on the part of the plaintiff, it follows that the allegation and proofs of the plaintiff in this behalf may be controverted by the defendant. If so, why, under the rules of pleading, should not the names of those claiming to be invested with the pecuniary interest in the life of the person killed, by operation of the statute, be stated? The suit is brought to recover for the destruction of a life in which they

had such interest, and consequent deprivation of the benefits of that interest. The plaintiff is bound to allege there was some such person surviving, and, under the general issue, the burden is upon him of proving it. When he brings the action, therefore, he assumes to know there was some such person, and what hardship can there be in requiring him to state who it is?

There is no instance we can call to mind, where, in an action to recover damages for taking property, or for the deprivation of a legal right or interest, the person to whom such property belonged, or in whom such right or interest is invested, is not required to be named in the declaration; and where one is named, it is exclusive of others not mentioned.

The father being named in this case, the person killed being his son, and a minor, the *prima facie* damages to the father would be the loss of services to which he was entitled. But suppose the defendant came prepared to show that the father had legally emancipated the deceased, and thus divested himself of the right to his services, would it not be competent to give such matter in evidence, upon the question of damages? But even that might not disentitle the father from all damages beyond nominal, there being no widow or other next of kin, if he was nevertheless dependent upon deceased for support.

In *Chicago and Alton R. R. Co.* v. *Shannon*, 43 Ill. 346, this court said : "If, then, the next of kin are collateral kindred of the deceased, and have not been receiving from him pecuniary assistance, and are not in a situation to require it, it is immaterial how near the degree of relationship may be, only nominal damages can be given, because there has been no pecuniary injury. If, on the other hand, the next of kin have been dependent on the deceased for support, in whole or in part, it is immaterial how remote the relationship may be, there has been pecuniary loss, for which compensation,

under the statute, must be given. So, also, if the deceased was a minor, and leaves a father entitled to his services."

In the case of collateral kindred here supposed, it would be admissible for defendant to controvert the fact of dependency upon deceased for support; and in the case of the father, to show he was not entitled to the services of his minor child during any of the time of his minority. This must be so, because the measure of damages is what the jury, under all the circumstances, ought to deem to be a fair and just compensation, with reference to the pecuniary injuries resulting from such death, to the wife and next of kin of such deceased person.

Hence it will be perceived both the basis and amount of damages depend upon circumstances of relationship, dependency for support, which may be various in character and degree.

If there had been a general allegation that deceased left a widow, or that he left next of kin, without naming or specifying the person, or alleging any more specific relationship, the admissibility of evidence upon the trial would depend upon an entirely different principle. No question of either variance or surprise could be raised. But the pleader having named the father, and defined his relationship to the deceased, as showing the pecuniary interest in the deceased, which had been taken away, the defendant would be justified in supposing that to be the only interest affected, and come prepared to meet the case as made by the declaration.

The introduction, upon the trial, of the interests of other next of kin, under such a declaration, would have a clearer tendency to work surprise upon the defendant than the ordinary case of proving special damages without averring them, for. in the latter case, the damages, whether general or special, must be the natural consequence of the act complained of. The general rule is, that the plaintiff is entitled to recover, as a recompense for his injury, all the damages which are the natural and proximate consequence of the act complained of.

Those which *necessarily* result from the injury are termed general damages, and may be shown under the general allegation at the end of the declaration. But such as are the *natural*, although not the *necessary*, result of the injury, are termed special damages, and must be stated in the declaration, to prevent surprise upon the defendant; and being so stated, may be recovered. *Vanderslice* v. *Newton*, 4 Comstock, 130.

Here, the distinction is only between consequences which are the *necessary* result of the act complained of, and those which are not.

In the case at bar, from the frame of the declaration, the defendant would be misled into the belief that the person specified was the only one upon whose interest in the life destroyed damages would be predicated.

The court are of opinion that this exception is well taken. The others, however, will be overruled. The declaration is to be taken as stating a cause of action, and, in respect to the negligence complained of, is broad enough to admit the evidence given.

The omission in plaintiff's instruction to submit the question to the jury, whether plaintiff was administrator, was immaterial. Letters in due form had been given in evidence. There was no ground upon which their validity could be assailed.

The defendant had a superintendent of the mines and work in charge. Evidence was given tending to show notice in him of the dangerous situation of the roof of the gang-way, at the bottom of the shaft. This was notice to the company, and it was long enough anterior to the accident to fix negligence upon the company.

Whether contributory negligence was imputable to deceased, a witness of the name of Slocum gave testimony tending to show the boy knew of the dangerous situation of the roof. We can not say but the jury were justifiable in disbelieving that witness upon the inherent improbabilities of his story, or from his manner of testifying. Besides, upon that question

there was evidence tending to show a promise by the super-intendent to have the rock removed, thus taking the risk upon the master during the time following the notice and promise to repair. Whart. on Neg. sec. 220.

The age, and the circumstance of the boy being under the control of his father, were also to be considered.

We express no opinion as to the damages being excessive, but, for the error pointed out, the judgment will be reversed, and the cause remanded, with leave to plaintiff to amend his declaration.

*Judgment reversed.*