William D. Haynie, Adm'r,

v.

Chicago & Alton Railroad Company.

</div>

AMENDMENTS—WHETHER STATING NEW CAUSE OF ACTION—STATUTE OF LIMITATIONS.—A plaintiff may restate his cause of action by way of amendment without its being obnoxious to the objection of introducing new

causes of action. So, where plaintiff, within the time limited by the statute, declared against a railroad company for damages for causing the death of his intestate, an amendment afterwards made, setting up that the deceased left surviving him a widow and children, it is not a setting up of a new cause of action.

ERROR to the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed October 19, 1881.

Messrs. TIPTON & RYAN, for plaintiff in error; in support of the amendment, cited Herman v. Woodruff, 5 McLean, 135; Rugeby v. Robinson, 19 Ala. 404; Maxwell v. Harrison, 8 Ga. 61; Pearson v. Reed, 10 Ga. 580; Ball v. Claflin, 5 Pick. 303; Swan v. Nesmith, 7 Pick. 220; Perley v. Brown, 12 N. H. 493; Harris v. Wadsworth, 3 Johns. 257; Salters v. Bayard, 12 Wend. 228; Delisle v. Priestman, 1 Brown 115; Ebersoll v. King, 5 Binn. 53; Cunningham v. Day, 2 Serg. & R. 1; Rodigin v. Curcier, 15 Serg. & R. 81; Dickson v. C. B. & Q. R. R. Co., 81 Ill. 215; Smith v. Smith, 5 Pa. St. 254; Wilbanks v. Willis, 2 Rich. 108; Hill v. Smith, 34 Vt. 535.

A change in the form of action will be allowed by amendment: Kirwin v. Roberts, 1 Har. & J. 296; Baltimore Ins. Co. v. McGowan, 16 Md. 47; Price v. N. J. R. R. Co. 31 N. J. Law, 229. India Rubber Co. v. Hoyt, 15 Vt. 92; Fay v. Tuft, 12 Cush. 448.

So long as plaintiff adheres to the original contract on which the declaration is founded, an alteration of the grounds of recovery is not setting up a new cause of action: Yost v. Ely, 23 Pa. St. 329; Stevenson v. Mudgett, 10 N. H. 338; Corbarge v. Seeger, 17 Pa. St. 514.

The new or amended counts must be in regard to the same subject-matter : Ball v. Claflin, 5 Pick. 303; McVicker v. Beedy, 31 Me. 314.

Messrs. WILLIAMS, BURR & CAPEN, for defendant in error ; that the original declaration failed to state a cause of action, cited Rev. Stat. Chap. 70, § 2; Quincy Coal Co. v. Hood, 77 Ill. 68; C. & R. I. R. R. Co. v. Morris, 26 Ill. 400; Conant

v. Griffin, 48 Ill. 410; C. & A. R. R. Co. v. Shannon, 43 Ill. 338; C. & N. W. R. R. Co. v. Swett, 45 Ill. 197; Sedgwick on Damages, 551.

The original declaration was under the common law; the amended, under a provision of the statute, and is different and distinct : S. R. & D. R. R. Co. v. Lacy, 49 Ga. 106.

A new cause of action cannot be brought forward by amendment, and the Statute of Limitations evaded: Connett v. Chicago, 8 Chicago Legal News, 323; Ill. Cent. R. R. Co. v. Cobb. 64 Ill. 143; Ill. Cent. R. R. Co. v. Phelps, 94 Ill. 548; Skowhegan Bank v. Cutter, 49 Me. 315; S. R. & D. R. R. Co. v. Lacy, 49 Ga. 106; Woodward v. Ware, 37 Me. 563; Gormon v. Judge, 27 Mich. 139; M. C. R. R. Co. v. Judge, 35 Mich. 227; Woodbridge v. Hathaway, 45 Tex. 380; Sanford v. Scott, 51 Ala. 557; Marble v. Hinds, 67 Me. 203; Hawthorn v. State, 57 Ind. 286.

Davis, J. This was an action on the case commenced by plaintiff in error against the defendant in error, to recover damages under the statute for wrongfully causing the death of William Gaulter. This suit was commenced and the original declaration filed within two years after the injury, but the declaration did not contain the necessary averment that the deceased left a widow or next of kin. Leave was given to amend the declaration, and it was amended by adding the following : " And the said plaintiff avers that at the time of William Gaulter's death he left Mary Gaulter, his widow, and Fred Gaulter, Jennie Gaulter, Frank Gaulter, Nettie Gaulter and Matilda Gaulter, his children and next of kin, who have sustained pecuniary damages by reason of such death, to a large amount, to-wit, five thousand dollars." To the amended declaration defendant in error filed the plea of " not guilty " and three special pleas as follows, to-wit : " And for a further plea in this behalf, the defendant says *actio non*, because it says that the original declaration herein shows no cause of action, and that the said cause of action in the said amended declaration set forth did not accrue to the said plaintiff, nor did any or either of them accrue to said plaintiff within two years next

before the filing the said amended declaration, and this the defendant is ready to verify, wherefore he prays judgment." " And for a further plea in this behalf, the defendant says, *actio non*, because it says that the original declaration herein shows no cause of action, and that the said causes of action in the said amended declaration set forth did not accrue to the plaintiff, nor did any or either of them accrue to the said plaintiff within two years next before the filing or obtaining leave to file the said amended declaration, and this the defendant is ready to verify, etc." " And for a further plea in this behalf, the defendant says, *actio non*, because it says that the causes of action set out in the said amended declaration are other and different causes of action from any set out in the original declaration herein, and that said several supposed causes of action in the said amended declaration set out did not, nor did either or any of them, accrue to the said plaintiff within two years next before filing or obtaining leave to file the said amended declaration, and this the defendant is ready to verify, etc."

To these special pleas the plaintiff in error interposed a demurrer, which was overruled by the court, and the plaintiff standing by his demurrer, a judgment was rendered for the defendant in bar of the action.

To reverse this judgment the case comes before us.

The question presented by the record is whether the amendment to the declaration set up a new cause of action. If it did, then the suit, not having been brought on the new cause of action within two years, was barred by the Statute of Limitations, and the demurrer to the pleas was properly overruled.

A plaintiff may restate his cause of action by way of amendment in the pending action, without its being obnoxious to the objection of introducing new causes of action. Ill. Central R. R. Co. v. Cobb, Christy & Co., 64 Ill. 128; Dickson v. C. B. & Q. R. R. Co. 81 Ill. 215. That is precisely what was done in the case now before us. The plaintiff had a good cause of action when he filed his original declaration, but he so defectively stated it, by failing to aver that the deceased left a widow or next of kin, that he could not recover. His cause of action was the same before the amendment as after, and the

effect of the amendment was to state truly the cause of action as it existed at the time of the commencement of the suit. The suit was brought to recover damages for wrongfully causing the death of the plaintiff's intestate, and that was the cause of action set out in the original declaration.   No other or new cause of action was introduced by the amendment, and that was allowed under the statute to enable the plaintiff " to sustain the action for the claim for which it was intended to be brought."

It is true, that the averment introduced by the amendment, that the deceased left a widow or next of kin, is one of the ingredients necessary to concur with the others to give a cause of action for wrongfully causing the death of a person. Quincy Coal Co. v. Hood, adm'r, 77 Ill. 68.   But the different ingredients do not each constitute a separate cause of action. It requires all of them to concur, and a failure to state one of them is but a defective statement of the entire cause of action, and the amendment introducing the omitted ingredient, is but making the statement of the cause of action complete.   The court erred in overruling the demurrer to the pleas, and for this error the judgment must be reversed and the case remanded, with directions to the court below to sustain the demurrer.

<div align="right">Judgment reversed.</div>