106   553
132   166
33a  272

EDWARD P. DE WOLF *et al.*

*v.*

CORNELIUS McGINNIS.

*Filed at Ottawa May 10, 1883.*

1. EVIDENCE—*on question of damages for not making and delivering machines.* The lessees of a machine shop and foundry agreed with the lessor to build for him as many "purifiers" as he might order, for which they were to be allowed twenty per cent profit on the cost of building and shipping, to be deducted from the rent, monthly, and the lessor ordered twelve of them, which the lessees refused·to deliver upon disagreement as to their price. The lessor sued in assumpsit on the contract for the lease for the rent due, and for damages for injury to the property, and for a failure to deliver the twelve machines. On the trial the court allowed the plaintiff to prove that he had sold a machine to a Mr. Fry, and on the first trip had sold nineteen, etc., which was objected to, as seeking to recover for loss of profits on the sales: *Held*, that as damages were not claimed for profits on these sales, the evidence was proper for the purpose of showing there was a demand for the machines, and that there was a market for the goods if they could have been obtained.

2. CONTRACT—*to deliver machines, evidence on measure of damages.* Where a defendant has agreed to make certain machines for the plaintiff at twenty per cent profit on the cost of making and shipping, which he fails to do, in order for the plaintiff to establish damages for the non-delivery of the machines ordered under the contract it is incumbent on the plaintiff to prove the amount he agreed to pay for them, and also what they were worth in the market at the time they were to be delivered.

3. PLEADING OVER—*after demurrer—waiver.* Where the defendant, after his demurrer to the declaration is overruled, pleads over, he will waive his right to move in arrest·of judgment for the insufficiency of the declaration.

A<span>PPEAL</span> from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. S<span>IDNEY</span> S<span>MITH</span>, Judge, presiding.

Mr. G<span>EORGE</span> B<span>URRY</span>, for the appellants:

Special damages resulting from the loss of sales could not be shown under the declaration. But the plaintiff was allowed to prove that he had sold a purifier to Mr. Fry, and must have one or lose the sale; that he had sold nineteen on the first trip, and on the second trip he did not try to make any sales, knowing he had not enough machines to fill the other sales. None of the names of persons to whom machines were sold are given.

Where a plaintiff seeks to recover special damages in regard to the non-completion of contracts with third persons, their names must be given. Chitty's Pleading, (16th Am. ed.) 348. See, also, *Trenton Ins. Co.* v. *Perrine,* 3 Zabr. 415; *Lowe* v. *Hanwood,* Sir W. Jones, 196.

Mere prospective profits, which might have been made, depend on too many contingencies, and are too remote to be recovered. *Frazer* v. *Smith,* 60 Ill. 147; *Priestly* v. *Northern Indiana R. R. Co.* 26 id. 208.

The court erred in denying the motion in arrest of judgment.

Mr. J<span>OHN</span> P. A<span>LTGELD</span>, for the appellee:

Appellants urge that loss of profits on prospective sales could not be proven because the names of the prospective purchasers were not given in the declaration. Appellee did not prove, or offer to prove, loss of profits on prospective sales, nor any specific sale. All he did was to show the market value.

Mr. J<span>USTICE</span> C<span>RAIG</span> delivered the opinion of the Court:

This was an action of assumpsit, brought by Cornelius McGinnis, against Edward P. De Wolf and John L. Agnew,

upon a contract, under which the plaintiff leased defendants his machine shops and foundry in Chicago, known as the "Keystone Machine Works and Foundry." For the first year the defendants agreed to pay as rent $2000 in work, payable monthly. The contract also provided that the defendants should build as many "purifiers" for the plaintiff as he might order, and they were to be paid therefor twenty per cent profit on the cost of building and shipping. The contract also provided for a settlement on the first of each month, and if, at any such settlement, the work done and machinery furnished by the defendants to the plaintiff exceeded the amount of rent then due, plaintiff should pay defendants the excess in cash. The defendants had the right to terminate the lease upon giving sixty days' notice, in writing. The contract also provided that upon the termination of the lease the defendants should surrender all the property in as good condition as when it was received, natural wear and tear and loss by fire excepted. It appears from the record that the plaintiff, on or about the 20th day of June, after the lease was executed, gave the defendants an order for twelve "purifiers." These machines were not ready for delivery until the last of September or the first of October, when, as plaintiff contends, they ought to have been made and ready for delivery in three weeks from the time the order was given. After the machines had been made a dispute arose as to the price, the result of which was, the machines were not delivered, and defendants terminated the lease, and plaintiff instituted this action for a breach of the contract.

In the declaration a number of breaches of the agreement are averred, but on the trial the plaintiff confined his evidence mainly to three grounds of recovery: First, for six months' rent of the premises; second, damages for injury done to the property while in the possession of defendants; and third, damages for the failure of the defendants to make and deliver the twelve machines according to contract. On

a trial before a jury the plaintiff obtained a verdict and judgment for $1462.50, which was affirmed in the Appellate Court, and defendants appeal.

No fault has been found in the argument with the instructions of the court, but the main ground relied upon here to secure a reversal of the judgment of the Appellate Court is, that the circuit court erred in the admission of evidence; that as the declaration did not aver the names of persons to whom plaintiff had sold machines, it was error to allow plaintiff to prove that he had sold a machine to Mr. Fry,— "that on the first trip he had sold nineteen," etc. The position of appellant is, that the loss of profits on prospective sales could not be proven because the names of the prospective purchasers were not averred in the declaration. After a careful examination of the record we do not understand that plaintiff undertook to establish loss of profits on prospective sales, or the loss of profits on any particular sale. It is true plaintiff testified that he sold a machine to Mr. Fry, and perhaps others, but damages were not claimed on those sales. This evidence was proper for the purpose of showing that there was a demand for the machines,—that there was a market for the goods if they could have been obtained. In order to establish damages for the non-delivery of the twelve machines ordered under the contract, it was incumbent on plaintiff to prove the amount he agreed to pay for the machines, and then prove, in addition, what they were worth in the market at the time they were to be delivered. If, then, it be true that different persons were ready and desired to purchase the machines at the time they should have been delivered, such evidence only tended to prove there was a market, and what the machines were worth in the market. This, doubtless, was the view entertained by the circuit court, as is clearly indicated by the instructions upon this question, as follows (the court, by agreement, instructed orally):

"Now, in relation to the rule of damages for the alleged breach of that part of the contract relating to the failure and delivery of those purifiers, the court instructs you that the rule of damages would be this: Whatever the purifiers were worth at the time they should have been delivered to McGinnis, over and above the price that he agreed to pay for their manufacture, viz: the cost price, with twenty per cent added. That is one item in relation to the claim for damages."

Upon the theory under which the case was tried, as is apparent from the instructions of the court on the question, we perceive no substantial objection to the testimony introduced upon the question of damages.

One other question remains to be considered. The defendants entered a motion in arrest of judgment on the ground that the declaration was not sufficient in law. This motion the court denied. It will not be necessary to determine here the sufficiency of the declaration. The defendants demurred to the declaration, and the court overruled the demurrer, and the defendants pleaded. If they desired to question the sufficiency of the declaration they ought to have abided by their demurrer, as the rule is well settled that a motion in arrest is waived where a demurrer has been overruled and the defendants then plead over. *Quincy Coal Co.* v. *Hood,* 77 Ill. 68.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*