## St. Luke's Hospital v. George S. Foster, Adm.

1. PLEADING—*Death from Negligent Act.*—A declaration by a personal representative for damages for the death of the person represented by him, in which there is no averment that the deceased left her surviving a husband or next of kin, or that any one suffered any pecuniary loss because of her death, states no cause of action.

2. LIMITATIONS—*Amendments to Declarations.*—Where the original declaration contains no cause of action, an amendment filed more than two years after the alleged cause of action accrued, remedying the defect, and by which a cause of action is stated, is amenable to the statute of limitations the same as if a new suit had been commenced at the time of the amendment, for the cause of action then stated.

**Action in Case.**—Death from negligence. Appeal from the Circuit Court of Cook County; the Hon. GEORGE W. BROWN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Reversed, but not remanded. Opinion filed January 2, 1900.

St. Luke's Hospital v. Foster.

Sidney Richmond Taber, attorney for appellant; Arthur J. Eddy, of counsel.

The amended declaration was obnoxious to the defendant's demurrer, because it failed to show any financial loss to the plaintiff, which is the gist of the action and indispensable to recovery. Maney v. C., B. & Q. R. R. Co., 49 Ill. App. 105; City of Salem v. Harvey, 29 Ill. App. 483; C. & A. R. R. Co. v. Shannon, 43 Ill. 338; I. C. R. R. Co. v. Weldon, 52 Ill. 290; Bailey v. C. & A. R. R. Co., 4 Biss. 430, 434; C., R. I. & P. R. R. Co. v. Morris, 26 Ill. 400.

The declaration was amended too late, and the plea of the statute of limitations was not obnoxious to the plaintiff's demurrer, because the original declaration was defective in omitting the essential allegation of the survivorship of next of kin, as well as of pecuniary loss. L. S. & M. S. Ry. Co. v. Hessions, 150 Ill. 546; C., R. I. & P. R. R. Co. v. Morris, 26 Ill. 400.

It is a well established* rule of pleading that "a new cause of action, distinct from that already averred in the declaration, can not be set up by way of amendment to the declaration, as by adding additional counts to the declaration after the time for suing upon such cause of action has expired by the statute of limitations. But when the amendment by an additional count is introduced merely to restate in a different form the same cause of action set up in the declaration as orginally drawn, and not to present a new and different cause of action, the rule does not apply, and a plea of the statute of limitations to such a new count can not be sustained. When the body of the declaration (in the case then before the court) is examined, where the cause of action should be set up, no cause of action whatever is averred in the declaration. The amended count does, however, set up a cause of action, but inasmuch as the original declaration stated no cause of action, it seems to follow that the amended declaration stated a new cause of action—one which had never been stated before—and hence the statute of limitations was a good defense. There could be no restatement of a cause of action by the amended

declaration unless the cause of action had been stated before."
Eylenfeldt v. Illinois Steel Co., 165 Ill. 185; see also Ill. &
St. L. R. R. &. C. Co. v. People, 19 Ill. App. 141; Phelps v.
I. C. R. R. Co., 94 Ill. 548; Chicago, B. & Q. R. R. Co. v.
Jones, 149 Ill. 361.

BEACH & BEACH and M. SLUSSER, attorneys for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of
the court.

This is an action on the case, in which it is sought to
recover damages for the death of Candis Foster. Her death
was caused by falling from a fifth story window in St.
Luke's Hospital, Chicago, December 6, 1895. This suit was
commenced February 27, 1896, and the declaration filed
April 10, 1896. The suit, as commenced, and the original
declaration were by "George S. Foster, executor of the last
will and testament of Candis Foster, deceased, plaintiff."
The relation of George S. Foster to Candis Foster, deceased,
does not appear, either in the praecipe, summons or original
declaration. Neither is there any averment in said declara-
tion that said Candis Foster left her surviving a [husband
or next of kin, or that any one suffered any pecuniary loss
because of her death.

November 2, 1898, an amendment to said declaration was
filed averring that said George S. Foster is "the husband and
only surviving heir and beneficiary of the said Candis Fos-
ter, deceased," and that "said plaintiff was deprived of the
services and companionship of his said wife."

To the declaration, as thus amended, the appellant, after
its demurrer thereto had been overruled, filed a plea of the
general issue and a plea of the statute of limitations. To
this latter plea a demurrer was filed by appellee and sus-
tained by the court. It is now here contended by appellant
that said declaration, as amended, states a new cause of
action and was not filed within two years "next after the
cause of action accrued," that being the statutory limita-
tion. It is not necessary to consider whether the declara-

tion, as amended, is sufficient, and we express no opinion as to that.

The first question to be considered is, did the original declaration state a cause of action? In L. S. & M. S. Ry. Co. v. Hessions, 150 Ill. 546, 556, it is said that "It is the settled law that the fact of survivorship of a widow or next of kin is an essential element to the cause of action, and it is therefore indispensable that it should be alleged and proved." And on page 558 the rule is restated thus: "As already seen, the fact that plaintiff's intestate left him surviving next of kin was an essential element, which must be alleged and proved to entitle plaintiff to recover."

In C. & R. I. R. R. Co. v. Morris, 26 Ill. 400, 403, decided in 1861, Mr. Justice Breese, speaking for the court, says: "Before a party suing for these damages can be allowed to recover, it must be alleged in the declaration, and proved, that the deceased left a widow, or next of kin, to whom the damages could be distributed.  *   *   *   The fact that there are persons entitled by law to claim this indemnity, and that they have sustained a loss justifying their claim, must be proved on the trial, and therefore must be averred in the declaration, as much so as the death of the party and the wrongful act or neglect of the defendant."

In Quincy Coal Co. v. Hood, 77 Ill. 68, 72, Mr. Justice McAllister, speaking for the court, says: "But the fact of the survivorship of a widow or next of kin, being an essential element of the cause of action, renders it indispensable that it should be alleged in the declaration." The recent case of Atlanta, K. & N. Ry. Co. v. Hooper, 92 Fed. Rep. 820 (Tenn.), is directly in point and fully supports the views here expressed.

Clearly, under these authorities, the original declaration did not state a cause of action. By the amendment thereto it is sought to introduce a new cause of action. That amendment was filed more than two years after the alleged cause of action accrued. Where a new cause of action is thus introduced the statute of limitations applies the same as it would in a new suit commenced at

the time such amendment was made. Eylenfeldt v. Ill. Steel Co., 165 Ill. 185, 187 and 189; C., B. & Q. R. R. Co. v. Jones, 149 Ill. 361, 397; Phelps v. I. C. R. R., 94 Ill. 548, 557; Field v. French, 80 Ill. App. 78, 89; C. C. Ry. Co. v. Leach, 182 Ill. 359, 364.

Counsel for appellee seek to show that the Eylenfeldt case is not in point, because it is there stated that "If the plaintiff had stated his cause of action in a defective manner, omitting some feature which should have been incorporated in it, then an amendment restating the cause of action would not fall within the statute." But that language does not apply to the case at bar, for the reason that the original declaration does not state any cause of action. There can not be a "restating" of a matter which has not been before stated.

The only other case referred to by counsel for appellee upon this question is Haynie v. C. & A. R. R. Co., 9 Ill. App. 105. That case is in point and sustains the contention of counsel for appellee. It is, however, prior to the Eylenfeldt case, which lays down a directly opposite rule. We can not follow the Haynie case.

The judgment of the Circuit Court must be reversed for the reason indicated. But as the statute of limitations has run so that no cause of action can now be stated upon which a recovery can be sustained, the cause is not remanded.