Edward J. Hanley, Administrator of the Estate of Edward F. Hanley, Deceased, Defendant in Error, v. George Waters and Anna V. Waters, Plaintiffs in Error.

Gen. No. 33,520.

240

SCANLAN, J., specially concurring.

Opin-
ion filed December 31, 1929.

NELSON & RICKER, for plaintiffs in error; JOSEPH B. HERMES, of counsel.

ROBERT S. COOK, for defendant in error.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

By this writ of error defendants seek to reverse a judgment for $10,000, rendered against them after verdict in an action for damages for negligently causing the death, on October 27, 1925, of plaintiff's intestate, Edward F. Hanley, a boy about 8 years of age.

On October 11, 1929, this Appellate Court entered an order reversing said judgment and filed an opinion

stating reasons for such action. On October 22, upon plaintiff's petition, a rehearing was granted and subsequently defendants filed a brief and argument in answer to the petition. In the light of the additional arguments of opposing counsel we have given further consideration to the case.

Plaintiff's action was begun on September 24, 1926. In his original declaration, consisting of one count, he alleged that on October 27, 1925, defendants, being the owners of an automobile, were driving the same along and upon East 55th Place, a public highway in Chicago, at a point a few hundred feet west of South Park Avenue; that plaintiff's intestate, while in the exercise of due care for his own safety, was walking across East 55th Place; and that defendants so negligently operated their automobile that it ran into and against plaintiff's intestate, throwing him with great force and violence to the ground and killing him. There was no allegation in the declaration that plaintiff's intestate left him surviving any next of kin who sustained pecuniary loss as the result of his death. On December 30, 1926, to the declaration defendants filed a general demurrer which was sustained by the court on March 24, 1928, and plaintiff was granted leave to file an amended declaration.

On April 9, 1928, more than two years after said death, plaintiff filed an amended declaration, consisting of four counts, in each of which he alleged that the deceased at the time of his death left him surviving as his only heirs-at-law and next of kin his father, Edward J. Hanley, his mother, Lillian E. Hanley, and his brother, George William Hanley, "who were not guilty of any negligence contributing to the death of said deceased, and who suffered pecuniary loss as a result of his death." In the first count the charge is general negligence in the driving of the automobile; in the second, wilful and wanton negligence; and in the third and fourth counts negligence in driving the auto-

mobile at an excessive rate of speed in a business or residential portion of the city in violation of the statute.

On April 19, 1928, to the amended declaration defendants filed a special plea, viz., that "the several supposed causes of action . . . did not . . . accrue to the plaintiff at any time within one year next before the commencement of this suit." To this plea plaintiff filed a general demurrer which the court subsequently sustained, and on February 9, 1929 (defendants refusing to plead over and electing to stand by said plea) entered a default against them. Subsequently a jury was called to assess damages and they returned a verdict against defendants for $10,000, which was followed by the entry of the judgment in question on March 5, 1929.

The main contentions of counsel for defendants are that the court erred in sustaining plaintiff's demurrer to defendants' said special plea and that the judgment entered in plaintiff's favor is against the law.

It is provided in section 2 of the Injuries Act (Cahill's St. 1927 ch. 70, p. 1410) that every action, such as the present one, "shall be commenced within one year after the death of such person." The present action was commenced within one year after the death of plaintiff's intestate, but the declaration did not state a good cause of action, in that it did not allege that the deceased left him surviving any next of kin who had suffered pecuniary loss because of his death, and the court properly sustained defendants' demurrer to the declaration. It was not until more than two years after the death that plaintiff filed an amended declaration, in which it was alleged that deceased had left him surviving next of kin (naming them), who had suffered pecuniary loss as the result of his death, and in which a good cause of action against defendants was stated for the first time. In *Devaney v. Otis Elevator Co.,* 251 Ill. 28, 33, it is said: "The rule is familiar that when

a cause of action is stated for the first time in an amended or additional count the suit is regarded, as to such cause of action, as having been commenced at the time when such amended or additional count is filed, and if the period fixed by the Statute of Limitations has run when such a count is filed, the plea setting up the statute is a proper plea and a good defense for such newly stated cause of action.'' (See, also, *Eylenfeldt v. Illinois Steel Co.,* 165 Ill. 185, 189; *Bahr v. National Safe Deposit Co.,* 234 Ill. 101, 103; *Allis-Chalmers Mfg. Co. v. City of Chicago,* 297 Ill. 444, 449.) In numerous decisions in this State it has been held that, in an action brought under the Injuries Act, Cahill's St. ch. 70, the fact of the survival of a widow or next of kin is an essential element of the cause of action and, hence, must be alleged and proved. (*Chicago & R. I. R. Co. v. Morris,* 26 Ill. 400, 402; *Quincy Coal Co. v. Hood,* 77 Ill. 68, 72; *Lake Shore & M. S. Ry. Co. v. Hessions,* 150 Ill. 546, 556.) And the familiar rule above mentioned has been applied to such an action, where an amended count or declaration, filed after the expiration of the time limited by the statute for the bringing of the action, for the first time stated that there were surviving next of kin, etc. (*Foster v. St. Luke's Hospital,* 191 Ill. 94, 95–96, affirming 86 Ill. App. 282, 285–6.)

But it is contended by plaintiff's counsel that, because of an amendment to section 39 of our Practice Act, passed by the legislature at its last session and in force July 1, 1929, (Laws 1929, p. 578; Cahill's St. 1929, ch. 110, p. 2021) said decisions and holdings are no longer of binding force as applied to the present case. The paragraph added by the amendment to said section is as follows:

''Any amendment to any pleading shall be held to relate back to the date of filing the original pleading so amended, and the cause of action or defense set up

in the amended pleading shall not be barred by laches, or lapse of time under any statute prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleading that the cause of action asserted, or the defense interposed in the amended pleading grew out of the same transaction or occurrence, and is substantially the same as set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact, or some other matter or matters, which are necessary conditions precedent to the right of recovery or defense asserted when such conditions precedent have been in fact performed.''

It will be noticed that the amendment is to be applicable ''if it shall appear from the original and amended pleading that the cause of action asserted . . . in the amended pleading grew out of the same transaction or occurrence, and is *substantially the same* as set up in the original pleading.'' But in the original declaration in the present case no cause of action was asserted because essential facts (viz., that deceased had left him surviving next of kin who had suffered pecuniary loss because of the death) were not alleged. And, hence, we do not think that the cause of action asserted in the amended declaration can be considered as being *substantially* the same as that stated in the original declaration. There is in the amendment the further clause, viz., ''even though the original pleading was *defective* in that it failed to allege the performance of some act or the existence of some fact, or some other matter or matters, which are necessary conditions precedent to the right of recovery . . . when such conditions precedent have been in fact performed.'' But we think that plaintiff's failure to allege in the

original declaration the fact of the survival of next of kin, etc., amounted to more than a mere defect in the pleading. Such allegation as to such survival is an essential element of the cause of action under the statute. We regard it as just as essential as that a declaration show on its face that the action is brought within one year after the death. In *Hartray v. Chicago Rys. Co.*, 290 Ill. 85, an action under the Injuries Act was begun on November 28, 1910 and the declaration alleged that the injury resulting in death occurred June 27, 1909. The defendant filed a plea of the general issue and there was a trial resulting in a verdict for plaintiff. The defendant on motion in arrest of judgment contended that the declaration, not showing on its face that the action was brought within one year after the death, stated no cause of action and was insufficient to support any judgment in the plaintiff's favor. The motion was overruled and judgment on the verdict was entered against the defendant. One of the Appellate Courts of this district reversed the judgment, and upon *certiorari* our Supreme Court affirmed the action of the appellate court, saying (p. 86): "This suit was brought under the Injuries Act, and the time fixed for commencing an action arising under that act is a condition of the liability and operates as a limitation of the liability itself and not of the remedy, alone. (*Carlin v. Peerless Gas Light Co.*, 283 Ill. 142; *Goldstein v. Chicago City Ry. Co.*, 286 Ill. 297.) Since the right of action for death by wrongful act is wholly statutory and must be taken with all the conditions imposed upon it, the burden being upon plaintiff to bring himself within the requirements of the statute, it is almost universally held that a provision in the statute creating the right, requiring an action thereon to be brought within a specified time, is more than an ordinary statute of limitations and goes to the existence of the right itself. It is a condition attached to the

right to sue at all. (*The Harrisburg*, 119 U. S. 199, 214. . . .)'' In view of the particular language of said amendment to the Practice Act, and of the decisions and holdings referred to, we do not think that said amendment is applicable to the present case.

And there is another reason why in our opinion said amendment to said act cannot properly be applied to the present case. The amendment does not specifically state that it is to be given a retrospective effect. And it did not become in force until nearly four months after the judgment in question was entered or until nearly three months after the present writ of error was sued out by defendants. ''It is a well settled rule of statutory construction that a statute will not be given a retrospective effect unless the intention of the legislature to give it such effect is clearly shown.'' (*Miner v. Stafford*, 326 Ill. 204, 207; *Thompson v. Alexander*, 11 Ill. 54, 55; *In re Tuller*, 79 Ill. 99, 107; *People v. Deutsche Gemeinde*, 249 Ill. 132, 137; *People v. Chicago & A. R. Co.*, 289 Ill. 282, 286; *Mather v. Parkhurst*, 302 Ill. 236, 238.) In the last cited case it is said (p. 238): ''The general rule is that statutes are not to be given retroactive effect unless it is manifest that the legislature intended that they should have such operation. . . . Such effect may, however, be given to statutes where to do so will not affect existing or vested rights.'' (Citing *City of Chicago v. Collin*, 302 Ill. 270, 274; *Dobbins v. First Nat. Bank of Peoria*, 112 Ill. 553, 562.)

And we are further of the opinion that if said amendment to the Practice Act, Cahill's St. ch. 110, ¶ 39, were to be construed as having a retrospective effect, and to be applied to the present case, it would deprive defendants of a vested right, to wit, that of making the good defense that they made by their said special plea to plaintiff's amended declaration. In Cooley's Constitutional Limitations, 6th Ed., p. 454, the author, under the heading ''Retrospective Laws,'' says:

"Regarding the circumstances under which a man may be said to have a vested right to a defense against a demand made by another, it is somewhat difficult to lay down a comprehensive rule which the authorities will justify. It is certain that he who has satisfied a demand cannot have it revived against him, and he who has become released from a demand by the operation of the statute of limitations is equally protected. In both cases the demand is gone, and to restore it would be to create a new contract for the parties—a thing quite beyond the power of legislation."

In *Board of Education of Normal School Dist. v. Blodgett,* 155 Ill. 441, our Supreme Court said (p. 447):

"In almost all of the States of the Union in which the question has arisen, it has been held that the right to set up the bar of a statute of limitations as a defense to a cause of action, after the statute has run, *is a vested right,* and cannot be taken away by legislation, either by a repeal of the statute without saving clause or by an affirmative act, and that it is immaterial whether the action is for the recovery of real or personal property, or for the recovery of a money demand, or for the recovery of damages for a tort." (Citing many cases in other jurisdictions.)

The court then refers to the majority opinion in *Campbell v. Holt,* 115 U. S. 620, where it was held that a debtor has no property in the bar of the statute of limitations as a defense to a promise to pay a debt, and that such bar, after it has become complete, may be removed by a statute; but our Supreme Court further said (p. 448):

"The decision, however, was by a divided court, there being a vigorous dissenting opinion by Justice BRADLEY, which was concurred in by Justice HARLAN. The doctrine of the dissenting opinion is most in consonance with former decisions of this court, and is supported by the great weight of authority. That opinion seems to us to present the better view."

The court then quotes at considerable length from said dissenting opinion, portions of the quotations being as follows (pp. 449–50):

"Now, an exemption from a demand or an immunity from prosecution in a suit is as valuable to the one party as the right to the demand or to prosecute the suit is to the other. The two things are correlative, and to say that the one is protected by constitutional guaranties and that the other is not, seems to me almost an absurdity. One right is as valuable as the other. My property is as much imperiled by an action against me for money, as it is by an action against me for my land or my goods. It may involve and sweep away all that I have in the world. Is not a right of defense to such an action of the greatest value to me? . . . The immunity from suit which arises by operation of the Statute of Limitations is as valuable a right as the right to bring the suit itself. It is a right founded upon a wise and just policy; . . . and, when vested, is as much to be protected as any other right that a man has. The fact that this defense pertains to the remedy does not alter the case. Remedies are the life of rights, and are equally protected by the constitution. . . . And, as before said, the right of defense is just as valuable as the right of action. It is the defendant's remedy."

The *Blodgett* case is cited with approval in *Fish v. Farwell*, 160 Ill. 236, 252, where it is said: "A right of defense against a money demand, arising from the complete running of the Statute of Limitations, is property within the protection of the constitutional guaranty of due process of law." (See, also, *Danzer & Co. v. Gulf & Ship Island R. Co.*, 268 U. S. 633.)

For the reasons indicated, and in view of the above decisions and holdings, we are of the opinion that the trial court erred in not overruling plaintiff's demurrer to defendants' said special plea and that the judgment in question must be reversed. And following the deci-

sion in *Foster v. St. Luke's Hospital*, 86 Ill. App. 282, 286, affirmed in 191 Ill. 94, 97, inasmuch as no cause of action can now be stated upon which a recovery by plaintiff can be sustained, the cause is not remanded.

*Reversed.*

BARNES, P. J., concurs.

MR. JUSTICE SCANLAN specially concurring: In my judgment, the amendment to section 39 of the Practice Act, Cahill's St. ch. 110, ¶ 39, has no application to the question before us. That section, in so far as it bears on the pleadings of a plaintiff, applies to a situation where the amended declaration asserts a cause of action substantially the same as it was set up in the original declaration, "even though the original pleading was defective in that it fails to allege the performance of some act or the existence of some fact, or some other matter or matters, *which are necessary conditions precedent* to the right of recovery . . . when such conditions precedent have been in fact performed." The purpose of the statute was to permit a defect in a declaration, that pertained to conditions precedent, to be cured in an amended declaration, even after the statute had run. The failure to allege, in the original declaration in the instant case, that the deceased left him surviving next of kin, was not a mere failure to allege a necessary condition precedent to the right of recovery. The statute, in my judgment, was intended to apply to cases similar or analogous to *Erford v. City of Peoria*, 229 Ill. 546, and *Walters v. City of Ottawa*, 240 Ill. 259, wherein the Supreme Court held that the notice required by section 2 of the Act of 1905, "concerning suits at law for personal injuries and against cities, villages and towns," was a condition precedent to the right of recovery. To adopt the interpretation of the statute contended for by the plaintiff would clearly require a holding that the legislature intended to take away a vested right from a defendant. How-

ever, if the interpretation of the statute for which I contend be the correct one, in view of the opinion in *Walters v. City of Ottawa, supra,* such a statutory provision would doubtless also deprive a defendant of a vested right. The judgment, in any view, should be reversed.