(No. 23262.—

EDNA DARMODY, Appellant, *vs.* THE KROGER GROCERY AND BAKING COMPANY, Appellee.

*Opinion filed February 19, 1936—Rehearing denied April 10, 1936.*

LOUIS BEASLEY, and EDWARD C. ZULLEY, for appellant.

W. J. MACDONALD, for appellee.

Mr. Justice Orr delivered the opinion of the court:

The question here hinges largely upon the application of certain sections of the Civil Practice act which have not heretofore been considered by this court. On leave granted, the case came here by appeal from the Appellate Court for the Fourth District, which previously had reversed a judgment of the city court of East St.Louis without remanding the cause.

The suit was instituted to recover damages for personal injuries alleged to have been sustained by Edna Darmody when she stepped into a hole caused by a broken tile drain. This tile extended across and slightly under a cinder walk adjacent to a building leased and occupied by the Kroger Grocery and Baking Company, a corporation. The declaration was filed prior to January 1, 1934, but subsequent to that date plaintiff filed her amended complaint under the Civil Practice act. The case went to trial on June 6, 1934, and the applicability of all provisions of the Civil Practice act is not denied. At the close of plaintiff's evidence, and again at the close of all the evidence, defendant entered motions for a directed verdict, which were reserved, and, after verdict, denied. The jury awarded plaintiff damages in the sum of $10,000. After requiring a remittitur of $4000, the trial court overruled defendant's motion for a new trial and entered judgment against it for $6000.

Among the principal errors assigned and considered in the Appellate Court was the claim that the trial court erred in overruling defendant's motion for a directed verdict. In considering this alleged error, the Appellate Court properly held that it required a review "of all the evidence to determine whether there is any evidence, when taken in its most favorable light, which tends to prove the charges of negligence in the complaint." This approach to the subject, which prevents the weighing of evidence by trial or Appellate Courts in considering motions for directed ver-

dicts, and requires such evidence to be taken in its most favorable aspect toward the adverse party, is the prevailing rule of procedure in this State. *Morgan* v. *New York Central Railroad Co.* 327 Ill. 339; *Missouri Malleable Iron Co.* v. *Dillon,* 206 id. 145.

After its review of the evidence on this point, the Appellate Court, in part, summarized its opinion as follows: "There is no evidence from which it could reasonably be inferred that defendant's trucks caused the damage to the broken tile. It is just as reasonable to infer that it was broken by some cause other than a truck driving over it and, if broken by a truck, that it was a truck or automobile belonging to some one other than defendant. In order to sustain plaintiff's contention on this point it would be necessary, first, to presume that the tile drain was broken by a truck and, second, that it was defendant's truck that did it. The law is that a presumption cannot be based upon a presumption, for there is no open and visible connection between the facts out of which the first presumption arises and the fact sought to be established by the dependent presumption. [Citing cases.] The court erred in overruling defendant's motion for a directed verdict."

Since it is unnecessary for us to recite this evidence, we come now to the principal question underlying this appeal, relating to the propriety of reversal by the Appellate Court, without remandment. Two sections of the Civil Practice act are involved. Paragraph (*b*) of sub-section 3 of section 68 of the act, (Smith's Stat. 1935, chap. 110, par. 192, p. 2434; Ill. State Bar Stat. 1935, chap. 110, par. 196, p. 2447,) provides as follows:

"(*b*) If the party against whom the verdict of the jury was rendered shall assign error in the Appellate or Supreme Court upon the refusal of the trial court to direct a verdict in his favor or to order judgment entered notwithstanding the verdict, and the Appellate or Supreme Court shall be of opinion that the trial court committed

such error, the decision of the trial court shall be reversed and judgment shall be entered or ordered by the Appellate or Supreme Court notwithstanding the verdict, unless it shall appear that there was such error on the trial as would have entitled the party in whose favor the verdict was rendered to a new trial if such verdict and judgment had been adverse to such party, in which case a new trial shall be ordered."

Paragraph (*f*) of section 92 of the act (Smith's Stat. 1935, chap. 110, par. 216, p. 2445; Ill. State Bar Stat. 1935, chap. 110, par. 220, p. 2451,) defining the powers of reviewing courts, also provides, in part, as follows: "In all appeals the reviewing court may, in its discretion, and on such terms as it deems just, * * * give any judgment and make any order which ought to have been given or made, and make such other and further orders and grant such relief, including a remandment, a partial reversal, the order of a partial new trial, the entry of a remittitur, or the issuance of execution, as the case may require."

These two sections make it clear that the legislature did not change the procedure heretofore followed in the Appellate or Supreme Court in a case where error has been assigned because the trial court refused to direct a verdict. Prior to January 1, 1934, when the Civil Practice act became effective, we held in numerous cases (see *Pollard* v. *Broadway Central Hotel Corp.* 353 Ill. 312, decided in October, 1933, and other cases cited therein) that in actions at law tried by a jury, where the evidence for the plaintiff tended to support the cause of action, the Appellate Court was not authorized by section 120 of the Practice act to reverse a judgment for the plaintiff and make a finding of facts without remanding the cause to the trial court. But under these same authorities our court long recognized the right of a reviewing court to reverse a judgment contrary to the jury verdict, when no evidence

appeared which tended to support the verdict. We held in these cases that section 120 of the Practice act of 1907 authorized appellate courts to reverse a judgment without remanding the cause when there was no evidence to support the verdict, but did not confer such power if the evidence was conflicting. (*Mirich* v. *Forschner Contracting Co.* 312 Ill. 343; *Segal* v. *Chicago City Railway Co.* 325 id. 43.) The *Mirich* decision held on this point that "where the evidence is such that the trial court would be warranted in directing a verdict, but fails to do so, an appellate court in rendering the judgment which the trial court should have rendered no more invades the province of the jury than would the trial court if it had directed the jury what verdict to return." These decisions fully sustain the practice here followed by the Appellate Court under sections 68 (3b) and 92 (f) of the Civil Practice act, and demonstrate that no wide departure has been taken from our prior practice in this regard under section 120 of the Practice act of 1907.

The Appellate Court did not, as alleged by appellant, attempt to weigh and determine the weight and preponderance of conflicting evidence. After a review of its action and the reasons therefor, we are satisfied that its judgment was well founded. Its judgment that the trial court erred in denying defendant's motion for a directed verdict was based upon the ground "that there is no evidence tending to prove the charge of negligence that the defendant kept and maintained a drain pipe in a dangerous condition," and that "there is no evidence from which it could be reasonably inferred that the defendant's trucks caused the damage to the broken tile." We are satisfied that the judgment of the Appellate Court was correct and should be affirmed.

*Judgment affirmed.*