(No. 30652.—

North Pier Terminal Company, for the use of Liberty Mutual Insurance Company, Appellant, *vs.* Hoskins Coal and Dock Corp., Appellee.

*Opinion filed January 19, 1949.*

D'Isa & Arpaia, of Chicago, (James C. Hallahan, of counsel,) for appellant.

Miller, Gorham, Wescott & Adams, (Edward R. Adams, and Herbert C. DeYoung, of counsel,) all of Chicago, for appellee.

Mr. Justice Wilson delivered the opinion of the court:

This is an action by the North Pier Terminal Company, for the use of the Liberty Mutual Insurance Company, commenced in the superior court of Cook County on June 22, 1942, against the defendant, the Hoskins Coal and Dock Corporation. The terminal company's insurance carrier is the real party in interest and will be referred to as the plaintiff. The cause of action grows out of the alleged negligence of the defendant in the operation of a crane barge in loading a ship on the navigable waters of the Chicago River whereby Robert Dunkel, a longshoreman employed by the terminal company, was fatally injured on June 28, 1941, and died almost instantly. Both the terminal company and the decedent were operating under the Federal Longshoremen's and Harbor Workers' Compensation Act. (U. C. Code, Title 33, secs. 901 *et seq.*) By an award duly made under the Longshoremen's Compensation Act, the terminal company was ordered to pay death benefits to the widow of its employee and the plaintiff insurance carrier discharged the employer's obligation to the widow by paying her $2408.22.

Plaintiff bases its right to sue defendant under the Illinois Wrongful Death Act as subrogee of the rights acquired by the terminal company by virtue of the following provisions of section 33 of the Longshoremen's Compensation Act, (U.S. Code, Title 33, sec. 933) :

"(a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the administrator may provide, to receive such compensation or to recover damages against such third person.

"(b) Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person. * * *

"(d) Such employer on account of such assignment may either institute proceedings for the recovery of such damages or may compromise with such third person either without or after instituting such proceeding.

"(e) Any amount recovered by such employer on account of such assignment, whether or not as the result of a compromise, shall be distributed as follows: (1) the employer shall retain an amount equal to * * * [expenses of recovery and cost of compensation paid]; and (2) the employer shall pay any excess to the person entitled to compensation or to the representative."

On the other hand, the Wrongful Death Act, (Ill. Rev. Stat. 1947, chap. 70, pars. 1 and 2,) after creating the cause of action from which it derives its name, provides, in section 2, as follows:

"Every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the wife and next of kin of such deceased person, not exceeding the sum of $15,000 [then $10,000] : Provided, that every such action shall be commenced within one year after the death of such person."

In short, plaintiff takes the position that the widow's acceptance of death benefits under the Longshoremen's Compensation Act operated as an assignment to the terminal company of the right of the personal representative to pur-

sue ·defendant for damages for the alleged wrongful death of Dunkel and that, as insurer, it succeeded to the right by subrogation.

In the complaint, however, plaintiff merely alleged that the terminal company and its employee were subject to the Longshoremen's Compensation Act; that, pursuant to the statute, the terminal company became liable for the payment of death benefits; that plaintiff, as insurer of the terminal company, was compelled to, and did, expend large sums of money in payment of death benefits and that, in consequence, it became subrogated to all rights of the terminal company. The complaint did not state to whom death benefits had been awarded and paid, nor did it allege that decedent was survived by a widow, or children, or next of kin.

Having previously filed an answer, defendant, in October, 1945, obtained leave to withdraw its answer and made a motion to strike the complaint and dismiss the action. The motion was denied, whereupon defendant again filed its answer, denying the material allegations of the complaint. The answer also averred that the Longshoremen's Compensation Act gave the terminal company only the rights of the payee of compensation and that it did not result in an assignment of the rights of the administrator of the estate of Robert Dunkel, deceased, nor permit the terminal company to bring an action in its own name in contravention of the provision of the Illinois Wrongful Death Act requiring the action to be brought by and in the name of the personal representative of the deceased. These averments were stricken from the answer and the cause proceeded to a trial before a jury. Defendant offered no evidence but twice moved the court for a directed verdict. Both motions were denied. The jury returned a verdict finding defendant guilty and assessed plaintiff's damages at $2408.22. Judgment was entered on the verdict. Defendant's motion for judgment notwithstanding the verdict was based, in large

part, on defendant's assertion that the complaint did not state a cause of action for the reason that, under the Wrongful Death Act, the cause of action vests in the administrator of the decedent's estate and cannot be transferred either by voluntary action on the part of the widow or next of kin, or by statutory assignment under a Federal enactment, and can only be brought in the manner authorized by the statutes of the State of Illinois. The motion for judgment notwithstanding the verdict and, also, the defendant's motion for a new trial were denied.

From the adverse judgment, defendant prosecuted an appeal to the Appellate Court for the First District. In analyzing the pertinent provisions of the Longshoremen's Compensation Act, the Appellate Court pointed out (1) that, by virtue of section 33(e), providing for distribution by the employer of sums recovered in excess of compensation paid, where the employer is given anything to recover by an action brought directly against the third-party wrongdoer, it is the full recovery to which the personal representative of the decedent would be entitled; (2) that, nonetheless, under section 33 (b), the employer, upon payment of compensation, did not become subrogated to the rights of the personal representative but only to the rights of the payee or payees of compensation, and (3) that where the person or persons receiving compensation from the employer have only a right to share in the proceeds of the recovery against a third-party wrongdoer, the employer is not authorized to maintain the action for wrongful death, being limited to the rights of its statutory assignor, or assignors, to compel the executor or administrator, by appropriate proceedings, to maintain the action and to share in the proceeds of the recovery. Without deciding whether a Federal statute can, in effect, amend the Illinois Wrongful Death Act so as to authorize an action by and in the name of a person other than the personal representative of the decedent, the Appellate Court concluded that, in any event, the Long-

shoremen's Compensation Act only purported to grant this right where the recipient of compensation was entitled to receive all the proceeds of a recovery under the applicable wrongful death act. The specific holding was that, even under the assumed right of action in the employer, the complaint did not state a good cause of action because it did not name the recipient of death benefits under the Federal statute, failed to designate the widow and next of kin and neglected to show that the person electing to receive death benefits from the employer was the only person entitled to the proceeds of a recovery in a wrongful-death action. Stating that it was error for the trial court to overrule the motion to dismiss the complaint, and, failing in this regard, it was error (1) not to direct a verdict for defendant or (2) not to enter judgment for defendant notwithstanding a verdict in favor of plaintiff, the Appellate Court reversed the judgment and remanded the cause to the superior court, with directions to enter judgment for defendant notwithstanding the verdict.

In this court, plaintiff concedes that the complaint is fatally defective and agrees that the judgment in its favor in the superior court must be reversed. Parenthetically, we note that even if the action had been brought by and in the name of the administrator it still would have failed to state a cause of action because it did not allege the survival of a widow or next of kin, or show that persons of this class had suffered pecuniary loss by reason of the death of decedent. (*Wilcox* v. *Bierd,* 330 Ill. 571; *Foster* v. *St. Luke's Hospital,* 191 Ill. 94; *Holton* v. *Daly,* 106 Ill. 131; *Quincy Coal Co.* v. *Hood,* 77 Ill. 68.) The present appeal is concerned only with so much of the remanding order as directs and makes it mandatory upon the superior court to enter judgment for defendant notwithstanding the verdict. Plaintiff's sole contention is that, by the remanding order, it has been foreclosed from petitioning the trial court for leave to amend its complaint to cure the defect pointed out and thus

preserve its cause of action, a new action being precluded by the statutory requirement that the action must be commenced within one year after the death of the injured party.

In support of its contention, plaintiff relies upon the liberal amendment provisions of section 46 of the Civil Practice Act. (Ill. Rev. Stat. 1947, chap. 110, par. 170.) The assertion that the remanding order contravenes section 46 is, however, without foundation. ' The statute first ordains that "(1) At any time before final judgment in a civil action, amendments may be allowed on such terms * * *," and this provision controls the disposition of the present appeal. The judgment of the trial court was a final one and thereafter, by the terms of the statute, the right to seek an amendment ceased to exist. By section 46(3), the only amendment authorized after final judgment is an amendment to make the pleadings conform to the proof, and plaintiff does not, and cannot, argue that its proposed amendment falls in this category. Of the several cases relied upon by plaintiff, only one, *Palmer* v. *Miller,* 380 Ill. 256, does not involve an amendment made or sought to be made before final judgment. In the *Palmer case,* the trial court entered judgment for plaintiff and the Appellate Court affirmed. We reversed the judgment on the ground the' complaint did not state a cause of action and remanded the cause for a new trial on proper pleadings. The question of the right to amend after final judgment was not considered in the *Palmer case* and, in view of the specific language of section 46(1) of the Civil Practice Act, we do not deem that case to be controlling here.

Other sections of the Civil Practice Act bear on the question at issue and lend additional support to the present determination. Section 92(1)(e), (Ill. Rev. Stat. 1947, chap. 110, par. 216(1)(e),) provides that, "(1) In all appeals the reviewing court may, in its discretion, and on such terms as it deems just * * * (e) Give any judg-

ment and make any order which ought to have been given or made, * * *." More specifically, section 68(3)b of the Civil Practice Act, (Ill. Rev. Stat. 1947, chap. 110, par. 192(3)b,) provides:

"If the party against whom the verdict of the jury was rendered shall assign error in the Appellate or Supreme Court upon the refusal of the trial court to direct a verdict in his favor or to order judgment entered notwithstanding the verdict, and the Appellate or Supreme Court shall be of the opinion that the trial court committed such error, the decision of the trial court shall be reversed and judgment shall be entered or ordered by the Appellate or Supreme Court notwithstanding the verdict, unless it shall appear that there was such error on the trial as would have entitled the party in whose favor the verdict was rendered to a new trial if such verdict and judgment had been adverse to such party, in which case a new trial shall be ordered."

Under the authority of either of these sections, the Appellate Court could have reversed the judgment without remanding the cause to the trial court, (*Citizens Nat. Bank v. Joseph Kesl & Sons.* 378 Ill. 428; *Taylor v. City of Berwyn,* 372 Ill. 124; *Darmody v. Kroger Grocery and Baking Co.* 362 Ill. 554,) and thus have eliminated all opportunity for amending the complaint.

Furthermore, it is scarcely necessary to point out that had the trial court granted defendant's motion for judgment notwithstanding the verdict, as it should have done, plaintiff would not then have been entitled to amend its complaint and have a new trial on the cause of action, if any, stated in the amended complaint. By this appeal, plaintiff seeks to acquire greater rights than it would have had if the trial court had correctly allowed defendant's motion for judgment notwithstanding the verdict.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*