Gust Gustafson, as Administrator of Estate of Calvin Keith Gustafson, Deceased, Plaintiff-Appellee, v. Consumers Sales Agency, Inc., Defendant-Appellant.

Gen. No. 10,531.

Opinion filed March 4, 1952. Rehearing denied May 7, 1952. Released for publication May 7, 1952.

McDonald & McCracken, of Moline, for appellant; Elliott R. McDonald, Carl W. Schultz, and Dan McNeal, all of Moline, of counsel.

WINSTEIN & RIMMERMAN, of Rock Island, for appellee; STEWART R. WINSTEIN, of Rock Island, of counsel.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Gust Gustafson, administrator of the estate of Calvin Keith Gustafson, deceased, plaintiff-appellee, filed his suit in the circuit court of Rock Island county against the Consumers Sales Agency, Inc., defendant-appellant. The complaint and amendments thereto, as disclosed by the record, in substance alleged that the plaintiff is the administrator for the estate of his intestate, and that the defendant on his property in the City of Moline, Illinois, maintained and permitted certain water to accumulate on the same; that certain bottles and planks had become frozen in the water, and that maintenance of such a body of water was an attractive nuisance to children of tender years; that the plaintiff's intestate, on or about the fourteenth of January, 1950, being then seven years old, while playing in the vicinity of the said body of water, fell into the same and was drowned, the defendant well knowing of the likelihood of children playing at and near the said premises. As a consequence of the negligence of the defendant, plaintiff's intestate was killed, and plaintiff seeks to recover for the alleged wrongful death. The complaint and the amendments thereto in this case did not allege a survival of next of kin of the deceased, nor did it allege that any person had suffered any pecuniary loss by reason of the death of the decedent. Subsequently the defendant filed a motion for judgment on the complaint, alleging that the facts alleged in the complaint were not sufficient to constitute an attractive nuisance. This motion was overruled by the trial court, and subsequently the defendant filed an answer to the complaint denying any liability. A trial was had and plaintiff obtained a verdict against the defendant in the sum of $5,000.

At the close of all the evidence defendant filed a motion that the court instruct the jury to find the issues for the defendant because the evidence was insufficient at law to support the cause of action. The court reserved his ruling on this motion until after verdict, pursuant to the provisions of the Practice Act. The court, after verdict, denied the motion for a directed verdict and entered judgment on the verdict. Subsequently the defendant filed his motion for judgment notwithstanding the verdict. The first ground assigned in this motion was that there was no evidence to support the verdict in favor of the plaintiff. The court denied this motion and also denied a motion for a new trial. This appeal follows.

■ Appellant urges that the trial court was in error in not directing a verdict and in not entering a judgment notwithstanding the verdict. Appellant contends that the complaint is wholly insufficient at law, in that it failed to allege the survival of or the names of the next of kin of plaintiff's intestate, and to allege that they had suffered pecuniary loss by reason of the decedent's death. The authorities are uniform in this State that a complaint brought for wrongful death in the name of an administrator must allege the survival of a widow or next of kin, and show that the persons of this class have suffered pecuniary loss by reason of the death of the decedent. (*Holton v. Daly,* 106 Ill. 131; *Quincy Coal Co. v. Hood,* 77 Ill. 68; *Foster v. St. Luke's Hospital,* 191 Ill. 94; *Wilcox v. Bierd,* 330 Ill. 571; *North Pier Terminal Co. v. Hoskins Coal and Dock Corp.,* 333 Ill. App. 440; *North Pier Terminal Co. v. Hoskins Coal and Dock Corp.,* 402 Ill. 192.)

Appellee, while admitting his complaint did not aver the names of the next of kin or the pecuniary loss suffered by reason of the intestate's death, contends that the appellant waived this. The pleadings disclose that the motion for directed verdict did allege that the evidence was insufficient to support the cause of action.

The motion for judgment notwithstanding the verdict also alleged that there was no evidence to support the verdict in favor of the plaintiff.

The question of what errors of pleadings are waived or cured by verdict are fully discussed in *Lasko v. Meier*, 394 Ill. 71. The court says, discussing this doctrine, on page 75:

"The question whether a complaint discloses a cause of action is always open to consideration in a court of review. There is a substantial and material difference between a complaint which alleges no cause of action and which may be questioned at any time and one which defectively or imperfectly alleges a cause of action and is good after verdict. (*Owens-Illinois Glass Co. v. McKibbin*, 385 Ill. 245.) If, with all intendments in its favor, a complaint wholly and absolutely fails to state any cause of action at all, objection can be made to it for the first time on appeal. But, on the other hand, if the complaint states a cause of action, no matter how defectively or imperfectly alleged, and the same is not challenged below, then such defectively stated cause of action is cured by verdict and cannot be questioned on appeal."

The facts in *North Pier Terminal Co. v. Hoskins Coal and Dock Corp., supra,* first decided by the Appellate Court, are quite analogous to the facts in the instant case. In that case one Robert Dunkel met his death by the alleged negligent act of the defendant while employed by the plaintiff, the North Pier Terminal Company. It appears the plaintiff paid death compensation to Dunkel's heirs under the provision of a federal statute known as the Longshoremen's and Harbor Workers' Compensation Act (33 USCA, chap. 18), and brought suit against the defendants to recover the amount paid, alleging that defendants wrongfully caused Dunkel's death. The plaintiff procured a judgment in the trial court and the defendant appealed.

The defendant urged in that case that the complaint failed to state a cause of action, that even if the employer was subrogated, no recovery could be had because the complaint failed to show survival of the widow or next of kin. The court held that this omission was fatal to plaintiff's case. Dunkel's widow, children, or next of kin were not mentioned in the complaint. The court further said because of these omissions it was impossible to ascertain who the dependents were to whom the employer claims to have become subrogated, and whether or not such dependent or dependents included all the next of kin who might have been beneficiaries under our Wrongful Death Act. The court held that it was error for the court to overrule the motion to dismiss the complaint, and it was also error not to direct a verdict for the defendant or to enter a judgment for the defendant notwithstanding a verdict. The Appellate Court reversed the case with directions to the trial court to enter judgment for the defendant notwithstanding the verdict.

This same case, *North Pier Co. v. Hoskins Coal Corp., supra,* by appeal, was considered by the Supreme Court. The plaintiff conceded in the Supreme Court that the complaint was defective, and agreed that the judgment in its favor in the superior court should have been reversed. The court says on page 197 of the opinion:

". . . Parenthetically, we note that even if the action had been brought by and in the name of the administrator it still would have failed to state a cause of action because it did not allege the survival of a widow or next of kin, or show that persons of this class had suffered pecuniary loss by reason of the death of decedent. (*Wilcox v. Bierd,* 330 Ill. 571; *Foster v. St. Luke's Hospital,* 191 Ill. 94; *Holton v. Daly,* 106 Ill. 131; *Quincy Coal Co. v. Hood,* 77 Ill. 68)."

The plaintiff's sole contention was that the Appellate Court by directing the trial court to enter judgment for the defendant notwithstanding the verdict, had foreclosed him from petitioning the trial court for leave to amend its complaint, to cure the defects and thus preserve its cause of action. Otherwise the cause of action would have been lost because not commenced within one year after the death of the injured party. The Supreme Court discusses and analyzes section 46 of the Civil Practice Act (Ill. Rev. Stat. 1947, chap. 110, par. 170) [Jones Ill. Stats. Ann. 104.046]; section 92 (1) (e) (Ill. Rev. Stat. 1947, chap. 110, par. 216, subd. (1) (e)) [Jones Ill. Stats. Ann. 104.092, subd. (1) (e)]; and section 68 (3) (b) (Ill. Rev. Stat. 1947, chap. 110, par. 192, subd. (3) (b)) [Jones Ill. Stats. Ann. 104.068, subd. (3) (b)] which sections are still controlling, and says on page 199 of the opinion:

"Under the authority of either of these sections, the Appellate Court could have reversed the judgment without remanding the cause to the trial court, (*Citizens Nat. Bank v. Joseph Kesl & Sons*, 378 Ill. 428; *Taylor v. City of Berwyn*, 372 Ill. 124; *Darmody v. Kroger Grocery and Baking Co.*, 362 Ill. 554,) and thus have eliminated all opportunity for amending the complaint.

"Furthermore, it is scarcely necessary to point out that had the trial court granted defendant's motion for judgment notwithstanding the verdict, as it should have done, plaintiff would not then have been entitled to amend its complaint and have a new trial on the cause of action, if any, stated in the amended complaint. By this appeal, plaintiff seeks to acquire greater rights than it would have had if the trial court had correctly allowed defendant's motion for judgment notwithstanding the verdict."

The Supreme Court affirmed the decision of the Appellate Court and held that the Appellate Court was

correct in remanding the case to the trial court with directions to enter judgment for defendant notwithstanding the verdict.

 Applying these rules of law to this case, it is inescapable that the complaint did not state a cause of action. Appellant raised this question in its motion for a judgment notwithstanding the verdict in the trial court. Even though the appellant had not raised this question in the trial court, we hold that it may be raised for the first time on appeal (*Lasko v. Meier, supra*). The complaint in the instant case in not naming the next of kin of the decedent or stating any pecuniary loss suffered by the next of kin was fatally defective and did not state a cause of action. The trial court was in error in not entering judgment in favor of the defendant notwithstanding the verdict.

For these reasons the judgment of the circuit court of Rock Island County is reversed and the cause is remanded with directions to enter judgment for the defendant notwithstanding the verdict.

*Judgment reversed and cause remanded with directions.*