**PETSEL v. CHICAGO, B. & Q. R. CO.**

No. 14602.

United States Court of Appeals
Eighth Circuit.

March 17, 1953.

Rehearing Denied April 8, 1953.

See also, 101 F.Supp. 1006.

William M. Tucker and D. C. Nolan, Iowa City, Iowa, for appellant.

John Hale, Burlington, Iowa (J. C. Pryor and Clark, Pryor, Hale, Plock & Riley, Burlington, Iowa, on the brief), for appellee.

Before THOMAS, JOHNSEN and RIDDICK, Circuit Judges.

JOHNSEN, Circuit Judge.

The personal representative of a decedent sought to recover damages for his death, which had resulted from a collision between a truck and a train at a railroad crossing in the State of Illinois. The suit was instituted in an Iowa state court and was removed by the Railroad to the federal court on diversity. The case is here on an appeal by the personal representative from a dismissal of the action by the trial court after a denial of her request for leave to make an amendment to the petition. The request for leave to amend was made at the commencement of the trial.

The basis on which the court denied the amendment and made dismissal of the action was that the petition as filed did not state a claim on which relief could be granted under Illinois law, and that it was not capable at the time of the requested amendment of being made to state such a claim, since under Illinois law no right to make legal assertion of the facts which plaintiff desired to add to the petition any longer existed in the situation. The court was of the opinion that assertion or showing in the petition of the facts covered by the amendment (that there was a surviving widow and next of kin, and that they had suffered pecuniary loss by reason of the decedent's death) had to be made within one year from the decedent's death and that, if the existence of these facts was not made to appear in the petition before that time, the liability for the death would have become extinguished.

The question to be tested therefore is whether the trial court was in error in its appraisal of Illinois law as making such an amendment attempt after a year from the death a matter of more than procedural consequence and as giving it the significance of an attempted substantive extension of the liability created by the statute. Generally speaking, the amendment of a pleading to supply or substitute facts or legal theory in support of a claim attempted to be asserted constitutes a mere procedural matter. But the question can of course be one of substantive aspect, if the right to assert the facts or theory sought to be injected is itself one of special legal condition, as the trial court regarded the situation here, and the attempted amendment cannot be brought within the condition under which alone the right to make the assertion exists.

The statutes of Illinois provide the following right of recovery for a wrongful death: "Every such action shall be brought by and in the names of the personal representatives of such deceased person, and * * * the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the wife and next of kin of such deceased person, not exceeding the sum of $15,000. * * * Provided, that every such action shall be commenced within one year after the death of such person. * * *" Ill. Rev.St.1949, c. 70, § 2.[1]

The Illinois courts have construed this provision as containing four requirements or conditions as a basis for any rights under it. (1) The action must be brought within one year after the death. (2) It is entitled to be instituted only by and in the name of the decedent's personal representative. (3) The decedent must have left a surviving widow or next of kin, for whose benefit the action is brought. (4) The persons for whose benefit the action is brought must have suffered a pecuniary loss by reason of the death. And the cases further uniformly seem to hold that no recovery may be had or will be permitted to stand, unless the plaintiff, either initially or by apt amendment, has made the existence of these four requirements or conditions a matter of assertion or demonstration in his pleading.

In Hartray v. Chicago Railways Co., 290 Ill. 85, 124 N.E. 849, 850, the declaration did not show that the action had been brought within one year after the death and leave to amend the declaration to show that fact, after a verdict for the plaintiff, was denied on appeal by the Illinois Supreme Court. The one year period allowed by the statute for the bringing of an action had by that time expired. The judgment in favor of the plaintiff was reversed. The court's opinion said that the statute conferred "a peculiar right which, if not exercised, ceases to exist by its own limitation" and that, since "the cause of action exists subject to the limitation, a declaration must allege or state facts showing that the action is brought within the time prescribed by the statute."

In North Pier Terminal Co. v. Hoskins Coal & Dock Corp., 402 Ill. 192, 83 N.E. 2d 748, the action had been brought, not in the name of a personal representative, but of an alleged subrogee on the basis of payment of benefits under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., made on account of the decedent's death. The complaint did not state to whom the benefits were paid and was without allegation or showing that any surviving widow or next of kin existed, or that, if any persons of this class existed, they had suffered any

1. There is a provision in the statute which permits recovery to be had for medical, hospital, burial and administration expenses, in an amount "not exceeding $900 plus a reasonable attorney's fee," where there is no surviving widow or next of kin. This provision, however, is not claimed to be involved or to have any materiality here.

pecuniary loss by reason of the death. The plaintiff recovered a judgment in the trial court, but this judgment was reversed by the Illinois Court of Appeals for insufficiency of the complaint, and judgment notwithstanding the verdict was ordered to be entered for the defendant, pursuant to a motion made in the trial court. The plaintiff appealed to the Illinois Supreme Court, seeking to have the order of the Court of Appeals set aside and the opportunity afforded it to make the necessary assertions by amendment of its complaint. The Supreme Court affirmed the Court of Appeals' disposition, 333 Ill.App. 440, 77 N.E.2d 546, and in the course of its opinion made the following observation: "Parenthetically, we note that even if the action had been brought by and in the name of the administrator it still would have failed to state a cause of action because it did not allege the survival of a widow or next of kin, or show that persons of this class had suffered pecuniary loss by reason of the death of decedent." 83 N.E.2d at page 751.

In Gustafson v. Consumers Sales Agency, Inc., 346 Ill.App. 493, 105 N.E.2d 557, it was held that the failure to allege in a complaint that there was a surviving widow or next of kin and that such persons had suffered pecuniary loss by reason of the death was such a fatal defect as to make the complaint incapable of supporting a judgment, and it further was declared that "objection to complaint on such grounds could be made for first time on appeal from judgment for plaintiff." The opinion says: "The authorities are uniform in this state that a complaint brought for wrongful death in the name of an administrator must allege the survival of a widow or next of kin, and show that the persons of this class have suffered pecuniary loss by reason of the death of the decedent." 105 N.E.2d at page 558. "The complaint in the instant case in not naming the next of kin of the decedent or stating any pecuniary loss suffered by the next of kin was fatally defective and did not state a cause of action." Id., 105 N.E.2d at page 560. A judgment recovered by the administrator of the decedent's estate was reversed on this basis, and the trial court was directed to enter a judgment notwithstanding the verdict in accordance with the defendant's motion.

We must accordingly accept as settled holding of the Illinois courts that there can be no recovery under the provision of the Wrongful Death Act set out above, either as a matter of award in the trial court or of sustainment on appeal, except upon a complaint making assertion or demonstration of the existence of the four requirements or conditions contained in the statute. This prescription, though procedural in its underlying basis, is by the legal absoluteness of its application made to have a substantive significance or consequence in relation to any claim of right under the death statute. Non-compliance automatically and inescapably operates to leave the door unopened to the recovery of benefits under the statute. And state prescriptions of procedure which do not exhaust their effect as mere procedural regulation but are made to have a substantive significance or consequence by a use of them to condition, limit or enlarge the recovery right as a matter of fixed and uniform result must necessarily, we think, be allowed to have that substantive significance or consequence in diversity cases brought into the federal courts. Cf. Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 555, 69 S.Ct. 1221, 1230, 93 L.Ed. 1528; Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520.

Plaintiff does not dispute the substantive significance or consequence of the holding of the Illinois courts that it is necessary to a recovery under the Wrongful Death Act that the complaint assert or demonstrate the existence of the four requirements or conditions contained in the statute. Instead, what she complains of is the trial court's refusal to permit her to make amendment of her petition to contain showing of these facts and of their having existed at the time of the commencement of the action, so as to enable her to bring the action within this prerequisite. Her contention is that the rule, which also previously had been laid down by the Illinois decisions, and which the trial court here followed, that, unless request to amend is made before the expiration of a year from the death, allegation as

to the existence of any such non-asserted condition can not be added to the complaint, is no longer the law, in view of the Illinois Civil Practice Act of 1933, Ill.Rev.Stat. 1949, c. 110, § 125 et seq., and the expression of the Illinois Supreme Court with respect thereto, in Metropolitan Trust Co. v. Bowman Dairy Co., 369 Ill. 222, 15 N.E. 2d 838, and that the question of allowing such an amendment was therefore not, as the trial court thought, one of substantive aspect, but purely one of procedural consideration and regulation.

It must be conceded that, unless the Civil Practice Act of 1933 has changed the procedural prescription laid down by the Illinois courts, that assertion of the existence of all of the four requirements or conditions of the death statute must be made in plaintiff's pleading within one year after the death and that an amendment to show any one or more of such facts which have been omitted can not be made after that time, the judgment here must be affirmed, since this prescription, equally with that compelling pleading of the existence of the four requirements or conditions of the death statute as a basis for any recovery, would be one of substantive significance or consequence, in that it operates as a limitation upon the recovery right.

Section 46 of the Civil Practice Act of 1933, Ill.Rev.St.1949, c. 110, § 170 provides:

"(1) At any time before final judgment in a civil action, amendments may be allowed on such terms as are just and reasonable, introducing any party who ought to have been joined as plaintiff or defendant, discontinuing as to any plaintiff or defendant, changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading or proceedings, which may enable the plaintiff *to sustain the claim* for which it was intended to be brought or the defendant to make a defense or assert a cross demand.

"(2) The cause of action, cross demand or defense set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted, or the defense or cross demand interposed in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, *even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted when such condition precedent has in fact been performed,* and for the purpose of preserving as aforesaid such cause of action, cross demand or defense set up in such amended pleading, and for such purpose only, any such amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended." (Emphasis ours.)

This language would seem on its face, in application to the recovery right granted by the death statute, to change the previous procedural prescription of the Illinois courts, with its substantive significance or consequence in application, that amendments to show the facts that the action was instituted within one year from the death, that plaintiff had the capacity of a personal representative when the action was instituted, that the decedent left a widow or next of kin surviving, and that such survivors had suffered pecuniary loss by reason of his death, can not be made and given relation back, unless the request to amend has been made within a year from the death. This prescription, however, as the Illinois cases make clear, has been merely one of judicial application or construction of the previous procedural codes in relation to an action under the death statute.

Thus, it was said in the early case of Quincy Coal Co. v. Hood, 77 Ill. 68, 71, that, "While the action itself is purely statutory, there is nothing in the act giving

it which expressly or impliedly affects any of the established rules of pleading and evidence." And this was repeated, in the discussion of the effect of the Civil Practice Act of 1933 upon the court's previous holdings as to the amending of pleadings in an action under the death statute, in the case of Metropolitan Trust Co. v. Bowman Dairy Co., 369 Ill. 222, 15 N.E.2d 838, 842, from which fuller quotation is made immediately following, where it was said: "The Injuries Act applies to the commencement of a suit and has no application to matters of pleading or. procedure thereafter." [2]

▮▮▮ The Metropolitan Trust Co. case, 15 N.E.2d at pages 841, 842, contains this significant comment upon the purpose and effect of the Civil Practice Act of 1933. "Section 46 of the Civil Practice Act makes several noticeable changes in the prior [procedural] statute. Presumably the legislature knew the import of our pronouncements under the former acts, and had in mind remedial legislation to overcome and correct such statutory. faults. * * * Instead of the permission (in the previous statute), to change the form of action, section 46 permits changing the cause of action or adding new causes of action. In place of the provision (in the previous statute), that the change may be made to enable the plaintiff to sustain the action for the claim intended to be brought, section 46 permits such change [to be made] as may enable him to sustain the claim intended to be brought. * * * Briefly summarized, section 46 permits any amendment of a pleading, filed in apt time, after the time limited for. commencing suit to set up a cause of action on any claim which was intended to be brought by the original pleading, provided, only, that it grew out of the same transaction or occurrence, and it is not necessary that the original pleading technically state a cause of action, or that a cause of action set out in the amendment be substantially the same as any cause of action stated in the original pleading. * * * These changes, together with the judicial construction of the prior statute, evince the legislative intent to remedy the evils incident to the former legislation and to preserve causes of action against loss by reason of technical rules of pleading. This is manifest from the concluding language of paragraph 2 which specifically declares the purpose of preserving the cause of action. The reasons for our decisions under the prior statutes are eliminated from section 46, and are not applicable to its provisions."

In the Metropolitan Trust Co. case, an amendment was permitted to be made, after the expiration of the year allowed by the Wrongful Death Act for the bringing of an action, changing the nature of the negligence alleged and substituting a different theory of recovery. The opinion implies that the amendment could not have been permitted under the previous procedural act, as constituting an attempt to state a new cause of action. While the specific amendment which is in question here was not involved in that case we think that the language of section 46 of the Civil Practice Act of 1933 is on its face just as applicable to it, and that the expression in the Metro-

2. It may be noted in passing that, in what appears to be the earliest Illinois case on the subject, Chicago & R. I. R. Co. v. Morris, 26 Ill. 400, 403, a judgment for plaintiff was reversed because the declaration did not contain any averment that the decedent had left a surviving widow or next of kin, but the cause was remanded with leave to amend the declaration, the court saying: "For want of a sufficient declaration, the judgment must be reversed, and the cause remanded, with leave to amend the declaration, and for further proceedings in the case."

Similarly, in Quincy Coal Co. v. Hood, 77 Ill. 68, where evidence was offered on the trial of the existence of next of kin not alleged in the declaration, the judgment recovered by plaintiff was reversed but the cause was remanded with leave to amend the declaration.

While these cases do not specifically show that the period fixed by the Wrongful Death Act for the bringing of an action had expired, it would seem probable from the time normally consumed in such litigation that it had, and that these two decisions are inconsistent with the later holdings that such amendments could only be made within the time fixed by the statute for the bringing of an action after the death.

politan Trust Co. case suggests that the Illinois Supreme Court would so regard it.

The language of the practice act and the expression of the court in the Metropolitan Trust Co. case have been given such an appraisal in Chapman v Terminal R. R. Ass'n of St. Louis, Mo.App., 137 S.W.2d 612. In that case suit was brought in a Missouri state court to recover upon the Illinois Wrongful Death Act, and allegation of the survival of dependent next of kin was first made in the amended petition filed more than a year after the death. The Missouri court gave consideration to the provisions of the 1933 practice act and to the expression of the Illinois court in the Metropolitan case and said: "While under the former law of Illinois it would have been necessary to hold that in the existing state of the record, the filing of the amended petition was to be regarded as the commencement of the action, and that being out of time, plaintiff's action was barred by the expiration of the year, the exact contrary is now true in view of the provisions of the Civil Practice Act of 1933 relating to the matter of amendments to pleadings." 137 S.W.2d at page 617.

We are in accord with the view expressed by the Missouri court and hold that denial of plaintiff's requested amendment here was not required as a matter of substantive compulsion under the present Illinois procedure act. Whatever might still be the right of a court to deny such an amendment in a particular situation as a matter of judicial discretion, the trial court made it clear that its denial was made on the basis not of discretionary consideration but of substantive compulsion, when it said: "If that (amendment) is purely a matter of procedural law, then I think plaintiff should be permitted to amend."

What we have said requires reversal of the judgment. And under our view that no substantive consideration is involved under present Illinois law in relation to the allowing of the amendment, the situation necessarily stands as one that is subject to the control of Rule 15, Federal Rules of Civil Procedure, 28 U.S.C.A.

One or two of the arguments that have been made by defendant should perhaps be made the subject of specific comment. Thus, it has been contended that plaintiff's attempt in her original petition to recover damages as loss to the decedent's estate in property accumulation made the action for the death one commenced under the Iowa statute, Code of Iowa, 1950, §§ 611.20, 611.21, I.C.A., and that no action therefore could be regarded as having been intended to be commenced under the Illinois statute until the time of her requested amendment changing the basis of the recovery to the dependency loss of the widow and next of kin. But the claim intended to be brought was for the wrongful death of the decedent occurring in Illinois. Whether plaintiff mistakenly assumed that this claim would furnish a basis for a cause of action under the Iowa statutes as well as those of Illinois would not seem to be of any materiality under the Illinois procedure act. Paragraph 1 of section 46 of the Civil Practice Act of 1933, as has been pointed out, permits "changing the cause of action * * * or adding new causes of action * * * and in any matter, either of form or substance * * * which may enable the plaintiff to sustain the claim for which it was intended to be brought". Concededly, the only claim to which the death could possibly give rise was under the statutes of Illinois, no matter what cause of action might be attempted to be asserted in relation to it. Legal notice of the existence of such a claim would be contained in the allegation that the death was one that had been caused in Illinois. The rounding out of that claim into the statement of such a cause of action as existed for the death was we think a matter that section 46 permitted to be done by amendment on the basis of mere procedural consideration.

It has also been argued that we ought not to give consideration to the Illinois Civil Practice Act of 1933, because that Act does not appear to have been called to the attention and given consideration by the trial court. It hardly needs saying, however, that, in testing whether a trial court has correctly determined a question of law by which it has disposed of a controversy, an appellate court would not be performing its function and responsi-

824

bility, if it refused to scrutinize any legal material, decisional or statutory, except such as the trial court may have had before it at the time.

Perhaps a word of comment should be added as to our view of the basis of the amendment denials made and the non-recovery results reached in the cases of North Pier Terminal Co. v. Hoskins Coal & Dock Corp., 402 Ill. 192, 83 N.E.2d 748, and Gustafson v. Consumers Sales Agency, Inc., 346 Ill.App. 493, 105 N.E.2d 557, referred to above, both of which decisions have been subsequent to the enactment of the Illinois Civil Practice Act of 1933. Each of these cases dealt, not with the right to amend a complaint "At any time before final judgment", under section 46(1) and (2) of the Practice Act, but with the right to refuse to allow such an amendment to be made after a trial had occurred, a judgment had been entered, and a motion for judgment notwithstanding the verdict had been filed.

The North Pier Terminal Co. case shows that the request to amend was not there made until after the Court of Appeals had directed the entering by the trial court of a judgment notwithstanding the verdict. The opinion of the Supreme Court says: "The judgment of the trial court was a final one and thereafter, by the terms of the statute, the right to seek an amendment ceased to exist. By section 46(3), the only amendment authorized after final judgment is an amendment to make the pleadings conform to the proof, and plaintiff does not, and cannot, argue that its proposed amendment falls in this category. * * * Furthermore, it is scarcely necessary to point out that had the trial court granted defendant's motion for judgment notwithstanding the verdict, as it should have done, plaintiff would not then have been entitled to amend its complaint and have a new trial on the cause of action, if any, stated in the amended complaint." 83 N.E.2d at pages 751, 752.

In the Gustafson case also, the case went to trial, judgment was entered for the plaintiff and motion for judgment notwithstanding the verdict was filed, all without any request having been made for leave to amend the complaint. And as in the North Pier Terminal Co. case, the situation also apparently was one where the provision of section 46(3) of the Practice Act, for making the pleadings conform to the proof, was without application.

These denials of the right to amend after trial, judgment and motion for judgment notwithstanding the verdict, do not in our opinion have any relationship to the right provided for in section 46(1) and (2) of amending at any time before there has been a judgment.

On the basis of what has been said, the judgment is reversed and the cause is remanded for further proceedings.